Peter J. Corcoran, III (SBN 224181)
CORCORAN IP LAW, PLLC
2019 Richmond Road, Suite 380
Texarkana, Texas 75503
Tel: (903) 701-2481
Fax: (844) 362-3291
Email: peter@corcoranip.com

Counsel for Plaintiff
REIGNTEK IP LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REIGNTEK IP LLC, <br><br> Plaintiff, <br><br> v. <br><br> BITTORRENT, INC., <br><br> Defendant. | No. 3:18-cv-5634_____ <br><br> **ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

1    Plaintiff Reigntek IP LLC, by and through its undersigned counsel, files its Original
2 Complaint for Patent Infringement and alleges based on knowledge as to itself and information
3 and belief as to the Defendant as follows.

4                                    **THE PARTIES**

5    1.    Plaintiff Reigntek IP LLC is a Delaware limited liability company with a principal
6 office at 919 North Market Street, Suite 950, Wilmington, DE 19801.

7    2.    Defendant BitTorrent, Inc., is a California corporation with a regular and
8 established place of business at 340 Bryant Street, Suite 201, San Francisco, CA 94107.
9 Defendant may be served with process via Dipak Joshi at 340 Bryant Street, Suite 201, San
10 Francisco, CA 94107.

11                              **JURISDICTION AND VENUE**

12    3.    This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

13    4.    Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and
14 1338.

15    5.    Upon information and belief, this Court has personal jurisdiction over Defendant
16 because (i) Defendant conducts business in this Judicial District, directly or through
17 intermediaries; (ii) at least a portion of the alleged infringements occurred in this Judicial
18 District; and (iii) Defendant regularly solicits business, engages in other persistent courses of
19 conduct, or derives revenue from goods and services provided to individuals in this Judicial
20 District.

21    6.    Venue is proper in this Judicial District under 28 U.S.C. § 1400(b).

22                              **THE PATENT-IN-SUIT**

23    7.    On October 14, 2003, the U.S. Patent and Trademark Office issued U.S. Patent
24 No. 6,633,901 ("the '901 Patent"), titled "Multi-Route Client-Server Architecture." A true and
25 correct copy of the '901 Patent is attached at Exhibit 1.

26    8.    The '901 Patent is presumed valid under 35 U.S.C. § 282(a).

27    9.    Plaintiff is the owner and assignee of all substantial rights, title, and interest in the
28 '901 Patent.

-1-

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1        10.    The '901 Patent discloses networking and communication of machines or devices,

2   and, in particular, to methods and arrangements for improving and optimizing traffic

3   communication across networks interconnecting such machines and devices. The invention

4   solves problems associated with prior-art approaches by providing a "flat" network architecture

5   facilitating direct connections between computers and other machines and devices so that

6   information may be retrieved more efficiently. In the preferred embodiment, agent software is

7   loaded on each participating node, and this inventive software is sufficiently intelligent to share

8   and relay information appropriately in accordance with user requests.

9        11.    The invention is particularly advantageous in situations where communication

10   bottlenecks are likely to occur, such as between corporate intranets and the Internet, in

11   conjunction with requests to international servers, and in other configurations wherein only a

12   limited number of data pipelines are available.

13        12.    A method of accessing information in a client-server network architecture

14   according to the invention includes the step of maintaining a database on the server which keeps

15   track of where desired information is stored on the network. When such information is requested

16   from the server, the database is queried to determine whether the information is available from

17   one or more participating clients. If so, the information is provided to the requestor directly

18   through the client(s).

19        13.    According to the invention, this redirection of information is accomplished by

20   storing agent software on each participating client. The agent is operative to inform the server

21   that the client is storing at least a portion of the requested information, such that when the server

22   queries the clients to determine the location of the information, the agents let the server know

23   how much of the requested information they can make available to the requestor. Following this,

24   the information is either provided to the requestor by the server instructing the client to deliver

25   the information directly to the requestor or the address of the client is downloaded to the

26   requester, enabling the requestor to link to one or more clients if the information is fragmented

27   across the network.

28

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

14.     The invention is not limited in terms of protocol or network topology.  The named client and server machines can provide any conventional network services.  To help ensure that requested information remains up-to-date, the server may keep track of clients cashing the information on a last-in, first-out basis.  Nor is the invention limited in terms of its applicability to general-purpose computers, and may be used with telephones, personal communication devices, personal digital assistance, work stations, and other types of machines and devices, particularly when such machines and devices are interconnected to a local-area or wide-area network, whether through a physical or wireless communication infrastructure.  Generally speaking, the invention is applicable to any type of system wherein otherwise scarce resources need to be optimized among participating devices or machines, or wherein participants would benefit from the optimization of resources used to enhance switching communication and/or performance.

## THE ACCUSED PRODUCT

15.     Defendant makes, uses (at least by testing), sells, offers for sale, or imports an Accused Product that infringes one or more claims of the '901 Patent.

16.     Defendant's Accused Product is its BitTorrent System.

## COUNT I

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,633,901

17.     Plaintiff incorporates by reference each of its foregoing allegations.

18.     Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant directly infringes one or more claims of the '901 Patent in this Judicial District and throughout the United States, literally or under the doctrine of equivalents, by making, using (at least by testing), selling, offering for sale, or importing their Accused Product as shown in Exhibit 2.

19.     The claims of the '901 Patent are understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

20.     A person of ordinary skill in the art understands Plaintiff's theory of how Defendant's Accused Product infringes the claims of the '901 Patent upon a plain reading of this Complaint, the '901 Patent, and Exhibit 2.

21.     Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint.  The claim charts are intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure; they do not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

22.     Since at least the date that Defendants were served with a copy of this Complaint, Defendants have known that their Accused Products directly infringe one or more claims of the '901 Patent.

## **PRAYER FOR RELIEF**

Plaintiff requests the following relief:

A.     Judgment that Defendant has infringed the '901 Patent under 35 U.S.C. § 271(a);

B.     An accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.     An award of damages under 35 U.S.C. § 284 adequate to compensate Plaintiff for Defendant's past and future infringement, including any infringement from the date of filing of this Complaint through the date of judgment, together with interest and costs;

D.     Judgment that this case is exceptional under 35 U.S.C. § 285 and an award of Plaintiff's reasonable attorneys' fees and costs; and

E.     Such further relief at law or in equity that this Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable under Federal Rule of Civil Procedure 38(b).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: September 13, 2018

Respectfully submitted,

CORCORAN IP LAW, PLLC

*/s/ Peter J. Corcoran, III*
Peter J. Corcoran, III

Counsel for Plaintiff
REIGNTEK IP LLC

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT